**ORIGINAL**



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL MCKELLER, an Individual § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No.: | |
| § | | |
| EQUIFAX INFORMATION SERVICES, § | With Jury Demand Endorsed | |
| LLC, a Corporation; EXPERIAN § | | |
| INFORMATION SOLUTION, LLC, a § | | |
| Corporation; TRANS UNION, LLC, a § | **3-22CV0315-B** | |
| Corporation; CAPITAL ONE BANK (USA) § | | |
| N.A., LLC, a Corporation § | | |
| § | | |
| Defendants. § | | |

**Complaint**
**TO HONORABLE UNITED STATES DISTRICT COURT JUDGE**

Plaintiff, Darrell Mckeller, by and through , for his Complaint against Defendants Equifax Information Services, LLC, Experian Information Solution, LLC, Trans Union, LLC, Capital One Bank (USA), N.A., LLC, jointly, severally, and in solido, states as follows:

### I.   Introduction

1.   Three of the Defendants are, consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Capital One Bank (USA), N.A. , LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 et seq., known as Fair Credit Reporting Act ( the "FCRA"). Capital One Financial Corporation, LLC is

also liable for defamation. Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. Parties

1. Plaintiff, Darrell Mckeller, is a natural person residing in Dallas County, Texas. He is a "consumer," as defined by FCRA, 15 U.S.C § 1681a(c) and a victim of repeated false credit reporting.

Made Defendants herein are:

2. Equifax Information Services, LLC, which may also hereinafter be referred to As "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Georgia corporation with its principle place of business in Georgia. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

3. Experian Information Solution, LLC, which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is an Ohio corporation with its principal place of business in California. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f).
regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

4. Trans Union , LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Delaware corporation with its principal place of business in Illinois. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f) . regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

5. Capital One Bank (USA), N.A. , a subsidiary of Capital One Financial Corporation "Capital One", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," Defendant Capital One Bank (USA), N.A. does business in this judicial district and is corporation with its principal place of business in Mclean, Virginia. Capital One is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and can be served process upon its registered agent, Corporation Service Company, for service of process at 211 E. 7th St, Ste 620, Austin, TX 78701.

6. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are limited to, Equifax, Experian, Trans Union.

### III. JURISDICTION AND VENUE

7. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case because it arises under federal law 28 U.S.C. § 1331; 15 U.S.C. § 1681(p). Further, the matter in controversy exceeds $75,000.00, exclusive of cost and interest and the parties to these proceedings are citizens of different states. 28 U.S.C. § 1332. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

8. Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendants do business in this district.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff alleges that Capital One violated his privacy. Capital One were reporting on his transactions to the "Consumer Reporting Agencies", but never granted him the opportunity to opt out of reporting Pursuant to 15 U.S.C. § 6802(a)(b)(B) In January 2020 plaintiff requested and received a copy of Equifax credit report through " annualcreditreport.com"

10. Plaintiff then audited his annualcreditreport.com Equifax report against his "identityiq,"Equifax Report. Multiple discrepancies were found in those credit files.

11. In February 2020, Plaintiff disputed validity of tradeline, accuracy , and completeness asked for supporting documentation and supplemental information as supported by "FCRA" of Credit Card Acct # 517805XXXXXXXXXX with Equifax Information Services, LLC.

12. In January 2020 plaintiff requested and received a copy of Experian credit report through " annualcreditreport.com"

13. Plaintiff then audited his annualcreditreport.com Experian report against his "identityiq "Experian Report. Multiple discrepancies were found in those credit files.

14. In February 2020, Plaintiff disputed validity of tradeline, accuracy, and completeness asked for supporting documentation and supplemental information as supported by "FCRA" of Credit Card Acct # 517805XXXXXXXXXX with Experian Information Services, LLC.

15. In January 2020 plaintiff requested and received a copy of Trans Union credit report through " annualcreditreport.com."

16. Plaintiff then audited his annualcreditreport.com Trans Union report against his "identityiq" Trans Union Report. Multiple discrepancies were found in those credit files.

17. In February 2020, Plaintiff disputed validity of tradelines, accuracy and completeness asked for supporting documentation and supplemental information as supported by "FCRA" of Credit Card Acct # 517805XXXXXXXXXX with Trans Union Information Services, LLC.

18. Plaintiff has disputed Capital One Tradeline account directly with Equifax, Experian, Trans Union even after 30 days never received any results or updates of the reinvestigations.

19. Plaintiff has repeatedly disputed directly to Defendants Equifax, Experian, and Trans Union , with certified letters on 02/2020, 04/2020 , 05/2020, 06/2020, 07/2020, 05/2021, 06/2021, 07/2021, 08/2021, 09/2021, 12/2021 explaining that they had not validated or sent proof that Capital One tradeline is lawfully reporting on his credit file.

20. Defendants Equifax, Experian, and Trans Union, however, refused to properly investigate and delete or correct the tradeline on Plaintiffs credit reports.

21. Defendants Equifax, Experian, and Trans Union know this debt is being reported inaccurately and wrong.

22. Defendants Equifax, Experian, and Trans Union were not concerned about, and did

not care about the fact that the Capital One account was inaccurately, and wrongly reporting Plaintiff's credit reports as Defendants Equifax, Experian, and Trans Union di not intend to perform a reasonable investigation.

23. Defendants Equifax, Experian, and Trans Union failed to properly investigate these disputes they chose to parrot information furnished by Capital One and call it investigated and verified. The information was in fact inaccurate, and incomplete.

24. Defendant Equifax, Experian, and Trans Union have refused to conduct a proper Investigation.

25. The Defendants Equifax, Experian, and Trans Union have failed to maintain Plaintiff's account with maximum accuracy and these Defendants have failed to properly investigate the account in response to the disputes made by Plaintiff.

26. The conduct of the Defendants has caused Plaintiffs' past and futIure monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

27. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and /or negligently ignore or refuse to follow the requirements of the FCRA.

28. All Defendants know their conduct is wrong and have been sued multiple times for This type of wrongful conduct.

29. Significant punitive damages are needed to stop this type of inappropriate behavior from continuing to happen.

30. All actions taken by employees, agents, servants, or representativesof any type

for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

**31.** All actions take by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their action would very likely harm Plaintiff and/or that their action were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

**32.** All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

**33.** All Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of federal law by their employees and agents, including, but not limited to, violations of the FCRA in their attempts to collect this debt from Plaintiff.

## CAUSE OF ACTION

### COUNT I.
### VIOLATING THE FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681a(e)

**34.** Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

**35.** Defendants Equifax, Experian, and Trans Union are "Consumer Reporting Agencies, as codified in 15 U.S.C. § 1681a(e). Capital One is a "furnisher" as codified in 15 U.S.C. § 1681a(e)

36. Plaintiff notified Defendants Equifax, Experian, and Trans Union, Capital One multiple times directly of a dispute on the Capital One account's completeness and/or accuracy, as reported. Plaintiff, also filed multiple complaints with Consumer Financial Protection Bureau.

37. Defendants Equifax, Experian, and Trans Union, Capital One failed to delete information found to be inaccurate, reinsterted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

38. Plaintiff alleges that all relevant times Defendants Equifax, Experian, and Trans Union, Capital One failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C § 1681e(b).

39. Plaintiff alleges that Defendants Equifax, Experian, and Trans Union , Capital One failed to conduct a proper and lawful reinvestigation.  For example Defendants were mailed disputes with photo attached to dispute with copy of credit reports showing incomplete, inaccurate wrong data reporting on his credit reports.

40. Plaintiff has actively been disputing and challenging the reporting of this information for the better part of 2 years.  As of the printing of this report the information is still reporting inaccurately, incorrectly, and wrong. Plaintiff has advised and pleaded with Defendants.

41. All actions taken by the Defendants Equifax, Experian, and Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or that knew or should have known that their actions were in reckless disregard of the FCRA.

42. All of the violations of the FCRA proximately caused the injuries and damages set

forth in this Complaint.

## COUNT II.

## CAPITAL ONES' DEFAMATION OF PLAINTIFF

**43.** Capital One defamed Plaintiff by knowingly publishing false representations to the "CRA Defendants," with the knowledge that such publication through the CRA Defendants would reach all of Plaintiff's potential lenders. Capital One knowingly published this false information on multiple occasions, including, but not limited to, the occasions which formed the basis of the CRA Defendants' dispute responses to Plaintiff made subject of this litigation.

**44.** Plaintiff gave Defendants Equifax, Experian, Trans Union, and Capital One written Notice multiple times to withdraw the false information.

**45.** Defendants violated all of the duties the Defendants had and such violations were Made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

## COUNT III.

## VIOLATION OF FCRA
(15 U.S.C. § 1681(i))

**46.** The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

**47.** Equifax, Experian, Trans Union, violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Capital One, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

**48.** As a result of Equifax, Experian, and Trans Unions' conduct, action, and inaction,

the Plaintiff suffered damages, including, but not limited to, denial in her attempt to finance his mortgage, loss of credit, loss of the ability to purchase and benefit from a credit, qualifying for business loan during pandemic, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**COUNT III.**
**VIOLATION OF THE FCRA**
(15 U.S.C. § 1681s-2(b))

**49.** Defendant Capital One violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

**50.** Capital One further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Capital One representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Capital One representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Capital Ones representations to the consumer reporting agencies.

**51.** As a result of Capital Ones's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in her attempt to finance his mortgage, loss of credit, loss of the ability to purchase and benefit from a credit, qualifying for business loan during pandemic, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

52. Capital One's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgement be entered against Defendants Equifax, Experian, Trans Union for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more that $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**Darrell Mckeller**  pro se
4741 Monarch Dr.
Mesquite, TX 75181
(214) 923-2088
darrellisawinner@gmail.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**



